**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | | |
|---|---|---|
| Shahiee Jermaine Flowers, | ) | Cr. No. 1:06-0558-MBS |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Shahiee Jermaine Flowers ("Movant"), a prisoner proceeding *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 20, 2006, a federal grand jury returned a second superseding indictment charging Movant with conspiracy to possess with intent to distribute 5 grams or more of cocaine base and less than 500 grams of cocaine (Count 2), possession with intent to distribute and distribution of 5 grams or more of cocaine base (Count 3), possession with intent to distribute and distribution of cocaine (Count 6), possession with intent to distribute cocaine and cocaine base/aiding and abetting (Count 7), being a felon in possession of a firearm (Count 8), possession of firearms in furtherance of a drug trafficking crime (Count 9), possession with intent to distribute and distribution of 5 grams or more of cocaine base (Count 10), possession with intent to distribute and distribution of 5 grams or more of cocain base (Count 15), and aiding and abetting the carrying of firearms in furtherance of a drug trafficking crime (Count 16). *See* ECF No. 88.

Movant proceeded to trial. After both sides completed the presentation of their evidence, the court instructed the jury. Relevant to the instant § 2255 motion, the court instructed the jury with

1

respect to testimony by accomplices as follows:

> You have heard witnesses who testified that they were actually involved in planning and carrying out the crimes charged in the indictment. The testimony of such accomplices is properly considered by the jury. The law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of an accomplice may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.
>
> Because of the possible interest an accomplice may have in testifying, the accomplice's testimony should be scrutinized with special care and caution. The fact that a witness is an accomplice can be considered by you as bearing upon his credibility. However, it does not follow that simply because a person has admitted in participating in one or more crimes, that he is incapable of giving a truthful version of what happened. Like the testimony of any other witness, accomplice witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his background and the extent to which his testimony is or is not corroborated by other evidence in the case. You may consider whether accomplice witnesses – like any other witnesses called in this case – have an interest in the outcome of the case, and if so, whether it has affected their testimony.
>
> In evaluating the testimony of accomplice witnesses, you should ask yourselves whether these accomplices would benefit more by lying or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely, or did they believe that their interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth? Did this motivation color his testimony?
>
> If you find that the testimony was false, you should reject it. However, if, after a cautious and careful examination of the accomplice witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

ECF No. 238 at 3. On November 30, 2007, the jury found Movant guilty on Counts 2, 3, 7, 10, and 15.

On April 15, 2009, Movant was sentenced to a 360-month term of imprisonment. ECF No.

338.  On October 14, 2010, the court resentenced Movant after the Fourth Circuit Court of Appeals held that failure to stop for a blue light was no longer a qualifying offense for the status of career offender under the United States Sentencing Guidelines.  *See United States v. Rivers*, 595 F.3d 558 (4th Cir. 2010).  At resentencing, the court sentenced Movant to 168 months imprisonment.  ECF No. 420.

On October 15, 2010, Movant filed a notice of appeal.  Relevant to the instant § 2255 motion, Movant argued on appeal in a *pro se* supplemental brief that the trial court improperly dismissed a twelfth juror.  ECF No. 438 at 2.  On October 28, 2011, the United States Court of Appeals for the Fourth Circuit rejected Movant's arguments on appeal and affirmed the judgment of the court in its entirety.  ECF No. 438.  The Fourth Circuit "examined the entire record and the issues raised by [Movant] in his supplemental briefs," including the issue of whether or not the twelfth juror was improperly excused, and concluded that Movant possessed "no meritorious issues for appeal."  ECF No. 438 at 4.  The Fourth Circuit issued its mandate and judgment on January 5, 2012.  ECF No. 442.

Movant filed the within § 2255 motion on April 1, 2013.  ECF No. 453.  On April 29, 2013, the United States of America ("the Government") filed a response and a motion for summary judgment. ECF Nos. 456 & 457.  Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on April 29, 2013, advising Movant of the summary judgment procedure and the possible consequences if he failed to respond adequately.  ECF No. 458.  Movant subsequently filed a reply to the Government's response on June 3, 2013.  ECF No. 460.

3

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 56(a), the court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The facts and any inferences drawn from the facts should be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc*., 369 U.S. 654, 655 (1962). The party seeking summary judgment bears the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Id.*

## III. DISCUSSION

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* § 2255(b). If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the motion without holding a hearing. Rules Governing Section 2255 Proceedings

4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that the prisoner is entitled to no relief).

Movant argues that he received ineffective assistance of counsel. Movant contends counsel was ineffective for (1) "failing to challenge the court's decision to excuse the twelfth juror," and for (2) not requesting an accomplice jury instruction. ECF No. 453 at 11, 15. To prove ineffective assistance of counsel, a movant must show that trial counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. *Id.* at 688. *Strickland* requires a movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction unless the movant can also demonstrate prejudice; that is, but for the trial counsel's error the judgment would have been different. *Id.* at 694.

Movant cannot demonstrate that counsel's alleged failure to challenge the court's decision to excuse the twelfth juror resulted in prejudice. As noted above, Movant raised this issue during his direct appeal to the Fourth Circuit, and the Fourth Circuit concluded that Movant's arguments lacked merit. ECF No. 438 at 2, 4. "There can be no claim of ineffective assistance of counsel where, as here, counsel is alleged to have failed to raise a meritless argument. Failure to raise a meritless argument can never amount to ineffective assistance." *Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996).

Movant also cannot demonstrate any prejudice resulting from counsel's alleged failure to request an accomplice jury instruction to warn the jury that "accomplice testimony should be received with caution and viewed with skepticism." ECF No. 453 at 15. The court did, in fact, give such an instruction. ECF No. 238 at 3 ("Because of the possible interest an accomplice may have in testifying, the accomplice's testimony should be scrutinized with special care and caution."). On the record before it, including the jury instructions given at trial and quoted at length above, the court concludes that Movant was not prejudiced by the alleged failure of counsel to request accomplice or informant jury instructions when those instructions were, indeed, given. *See also, e.g.*, *United States v. Darby*, No. CR 5:07-1253, 2014 WL 2980247, at *12 (D.S.C. June 27, 2014) (finding no prejudice where informant/accomplice jury instruction demanded by movant in a § 2255 motion was given at trial); *Brown v. United States*, No. 4:09-CR-63, 2013 WL 1868363, at *6 (E.D. Va. May 2, 2013) (same).

### III. CONCLUSION

Because Movant has not made the requisite showing of prejudice under *Strickland*, Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 453, is **DENIED**. The Government's motion for summary judgment, ECF No. 457, is **GRANTED**.

### Certificate of Appealability

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473,


484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

                                                        s/ Margaret B. Seymour
                                                        Margaret B. Seymour
                                                        Senior United States District Court Judge

November 5, 2014
Columbia, South Carolina